2000 OK JUD ETH 6

**JUDICIAL ETHICS OPINION 2000-6.**

Oklahoma Judicial Ethics Advisory Panel.

Oct. 13, 2000.

¶ 0 **QUESTION 1:** May a judge permit his/her picture and name to be used in a campaign advertisement by a spouse who is running for political office?

¶ 1 **SPECIFIC FACTS:** A judge's wife is running for political office and wishes to use a family picture in her campaign brochures. The family picture would be of the candidate, the spouse (the judge) and children of the couple; the judge's name would be included, but the information in the brochure would not identify him as a judge, would not state his occupation and would make no reference to his judicial office, nor would it set out the party affiliation of the candidate.

¶ 2 **WE ANSWER: YES.**

¶ 3 **Canon 2B:** "A judge should not lend the prestige of judicial office to advance the private interests of the judge or others; nor should a judge convey or permit others to convey the impression that they are in the special position to influence the judge."

¶ 4 **Canon 5A(1):** "Except as authorized herein a judge ... should not:

(b) publicly endorse or publicly oppose another candidate for public office;"

¶ 5 **Canon 2A:** "A judge should respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

¶ 6 We base our answer on the specific facts submitted with the question. The judge is making no statement and is indicating no involvement in the political campaign except allowing the candidate to show the judge as a member of the candidate's family. The photograph is a family picture with nothing to indicate the occupation of the candidate's spouse. The prestige of the office is not being used to assist the candidate.

¶ 7 The public will surely assume that the judge supports his wife's candidacy. Voters who know the judge may be influenced by his position, but they would have that information whether or not the judge appeared in the family photograph. Voters who do not know the judge will receive no clue as to his position from the photograph.

¶ 8 Title 20 O.S.1997 § 1404 is much more strict and as stated in Canon 2A, a judge must comply with the statutes. We do not seek to interpret statutes nor advise

judges concerning statutory requirements, but § 1404 provides for the removal of a judge if the judge participates in "any election campaign" other than his own. The statute makes no exception if a spouse or other family member is a candidate for public office.

¶ 9 In conclusion, a judge may permit his/her picture in a family photograph to be used by his/her spouse in a political advertisement under the condition outlined in the specific facts of this question.

¶ 10 Robert L. Bailey, Chairman

Robert A. Layden, Vice–Chairman

Milton C. Craig Concurs in part, dissents in part.

MILTON C. CRAIG, Concur In Part, Dissent In Part.

¶ 1 While I concur with portions of the majority opinion, I take exception to some of the views expressed therein.

¶ 2 Canon 2A provides that "a judge should *respect and comply* (emphasis added) with the law ...". It is true that this panel's mandate is not to interpret statutes; but if the action a judge inquires about may be a violation of a statute and possibly subject the judge to the sanction of removal from office, I believe we would be remiss in failing to point out these dangers.

¶ 3 Applying the foregoing discussion to the question addressed in this opinion, it is my opinion that if the action of the judge is a violation of Title 20 O.S.1997 § 1404, prohibiting a judge from engaging in political activity other than the judge's own election, that such action is a violation of Canon 2A and prohibited.

¶ 4 Insofar as the use of the judge's picture as a part of a family portrait in campaign literature on behalf of the spouse, I agree with the majority that the Canons do not per se, forbid such use. If the picture used is a family photograph not originally taken for campaign purposes, the spouse may have the right to use the same, with or without permission of the judge; but should the judge agree to pose for the picture for the purpose of putting it in the spouse's campaign litera-

ture, I would find it difficult to conclude that such action does not constitute engaging in partisan political activity, thus violating the statute and Canon 2A.

¶ 5 MILTON CRAIG, Secretary